# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| JASON EHLERDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-CV-165 |
| | ) |
| AMERICAN MATTRESS AND | ) |
| UPHOLSTERY, INC., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike, filed by the Defendants, American Mattress and Upholstery, Inc., Mark Roedeske,[1] and Lajuan Wade, on November 24, 2015. (DE #16.) For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Plaintiff, Jason Ehlerding ("Plaintiff"), filed his complaint on June 29, 2015. (DE #1.) He was granted leave to amend on August 13, 2015; his first amended complaint was docketed that same day. (DE #7 & DE #8.) The first amended complaint brings claims against American Mattress and Upholstery, Inc. ("American Mattress"), Mark Roedeske ("Roedeske"), and Lajuan Wade ("Wade") (collectively, "Defendants") pursuant to

---

[1] According to Defendants, Plaintiff misspelled Mark Roedeske's name as Ruduski. For purposes of this Order, he will be referred to as Roedeske.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000(e) *et seq* ("Title VII"), the American with Disabilities Act of 1990, 42 U.S.C. section 12111 *et seq* ("ADA"), 42 U.S.C. section 1981 ("Section 1981"), and the Family Medical Leave Act of 1993, 29 U.S.C. section 2601 *et seq* ("FMLA"). The first amended complaint incorporates and attaches a copy of Plaintiff's Charge of Discrimination, which was filed with the Equal Employment Opportunity Commission ("EEOC") on or about August 25, 2014. (DE #8.) Plaintiff also attaches a Notice of Right to Sue from the EEOC which is dated April 30, 2015. (*Id*.) Defendants filed the instant motion to dismiss on November 24, 2015. (DE #16.) Plaintiff filed his reply on December 7, 2015. (DE #18.) Defendants filed their reply on December 14, 2015. (DE #19.) Thus, the motion is ripe for adjudication.

DISCUSSION

*Facts*

As was adequately set forth by Defendants in their memorandum in support of the motion to dismiss,[2] Plaintiff alleges, through his attached Charge of Discrimination, that he is a biracial male who was employed as a sales manager at

---

[2] In his response brief, Plaintiff states that Defendants have "sufficiently summarize[d] the relevant factual allegations" of the first amended complaint; thus, the Court has borrowed liberally from Defendants' memorandum for the background section of this Order. (See DEs #8, #17, pp. 2-3, and #18, pp. 3-4.)

2

American Mattress, located at 4614 Coldwater Road in Fort Wayne, Indiana from January 21, 2013, until his wrongful termination on April 4, 2014. According to Plaintiff, on March 10, 2014, he underwent hernia surgery in relation to an injury he allegedly sustained at work. Prior to the surgery, he notified the regional manager about his need for time off of work. Plaintiff alleges that he was entitled to use FMLA to address this serious health condition.

After his surgery, Plaintiff was placed on work restrictions and was directed not to lift heavy objects. American Mattress initially indicated it would comply with the work restrictions by having an assistant help Plaintiff when necessary. However, Plaintiff alleges that he was only given assistance twice during the remainder of his employment with American Mattress. Otherwise, he was required to go against this lifting restriction. In addition, upon his return from medical leave, Plaintiff was allegedly given an increased work load and scheduled to work six days a week, at least one of those days for which he was not paid. Later, he returned to his normal work schedule.

On April 4, 2014, Plaintiff encountered a customer who was upset by a delivery driver who had failed to assemble a bed that had been ordered. Plaintiff contacted his regional manager, Roedeske, about the situation. Roedeske told Plaintiff that the

customer was lying and argued with Plaintiff, allegedly using profanity. Following the phone conversation, Plaintiff spoke again with Roedeske and was told he was fired.

Plaintiff contends that he was discriminated against, retaliated against, and wrongfully terminated on the basis of race and disability as well as for his use of medical leave. He claims to have suffered from emotional distress and mental anguish as a result of Defendants' wrongdoing. Plaintiff seeks compensatory damages, punitive damages, liquidated damages, and attorney fees and costs.

*Rule 12(b)(6) Motion to Dismiss*

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations; however, the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). The plaintiff's obligation "requires more than labels and conclusions. . . ." *Id*. at 555.

The Supreme Court has provided that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, a court generally considers only the factual allegations of the complaint and any reasonable inferences that can be drawn from those allegations; however, a court may also examine information from documents "if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014); *see Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013) (noting the Seventh Circuit has taken "a relatively expansive view of the documents that a district court properly may consider in disposing of a motion to dismiss."). Here, Plaintiff's Complaint attaches, refers directly to, and incorporates the Charge of Discrimination which may be considered by this Court in ruling on the motion to dismiss without converting it into a motion for summary judgment. See *Vasquez v. Caterpillar Logistics, Inc.*, No. 1:15-CV-398-TLS, 2016 WL 1573179, at *1 (N.D. Ind. Apr. 19, 2016) (citing *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (documents attached to complaint are considered part of the complaint)).

*ADA Claim*

The ADA "provide[s] a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). To state a claim pursuant to the ADA, a plaintiff must allege that "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (citing *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008)). Therefore, as an "initial matter" under this rubric, a plaintiff must establish that he is disabled as defined under those statutes and relevant regulations. See, e.g., *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012). Enacted in 1990, the ADA originally defined disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (current version at 42 U.S.C. § 12102(1)). Because the 1990 statute failed to define the terms 'substantially limits' and 'regarded as,' the precise meaning of each phrase was left to judicial interpretation. See, e.g., *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) (holding that a disability

'substantially limits' a major life activity where it "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives" and has an impact that is "permanent or long term"); *Sutton v. United Air Lines*, *Inc.*, 527 U.S. 471, 489 (1999) (holding that in order to be 'regarded as' having a disability, an employer must "believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.").

Effective January 1, 2009, the ADA was amended to "carry out the ADA's objectives" by "reinstating a broad scope of protection." See ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008). The ADAAA itself is described as "[a]n Act to restore the intent and protections of the Americans with Disabilities Act of 1990," and in its findings Congress specifically noted that the original intent of the ADA was to provide "broad coverage" and a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Id*. Specifically, Congress found that the United States Supreme Court had improperly narrowed the protection intended to be afforded under the ADA, and the ADAAA rejected the holdings of *Sutton* and *Toyota Motor Mfg*. Importantly, the ADAAA left the ADA's three-category

definition of "disability" intact[1] but clarified how the categories are to be interpreted. For example, the ADAAA now provides a specific definition for the term "Major Life Activities" whereas prior to the amendments, courts could only look to previous case law and regulations interpreting the ADA for guidance. The definition of major life activities includes but is not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Congress also added "[r]ules of construction regarding the definition of disability" which provide:

> (A) The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.
> (B) The term 'substantially limits' shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.
> (C) An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.
> (D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

---

[1] As stated above, "disability" with respect to an individual is defined as (A) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (B) "a record of such an impairment"; or (C) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

> (E)(i) The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures .
> . . .

42 U.S.C. § 12102(4). In essence, the ADAAA reestablished the original intent and expansive scope of the ADA.

Here, Defendants argue that Plaintiff's ADA claim should be dismissed because he has not properly alleged a disability that would be covered by the ADA. To support their argument, Defendants rely heavily on a case from this district, *Brodzik v. Contractors Steel, Inc.*, 48 F. Supp. 3d 1183 (N.D. Ind. 2014). In *Brodzik*, the court found that the plaintiff, who alleged that he was constructively fired after he returned to work following a hernia surgery, had not sufficiently pled that he had a physical or mental impairment that substantially limited him in one or more major life activities. *Id*. at 1185, 1189. This was so, according to the court, because "many short term impairments, such as [the plaintiff's] recovery period for his hernia surgery, still do not qualify as a disability under the revised standard of the ADAAA." *Id*. at 1189 (citing *Butler v. BTC Foods Inc.*, No. 12-492, 2012 WL 5315034, at *2 (E.D. Pa. Oct. 19, 2012). The court noted that "[i]mpairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe." *Id*. (quoting *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 211 (D. Conn. 2012). The court

acknowledged that while "episodic impairments are disabling if they substantially limit a major life activity when active," nothing in the plaintiff's complaint suggested that the "hernia and the resulting surgery was anything more than a one-time occurrence." *Id*. (internal quotation marks and citation omitted).

In response, Plaintiff asserts that he has pled a physical disability "under but one definition" of the ADA in that, as a result of his hernia surgery, he was "placed on work restrictions by his physician" and was "not to be lifting heavy objects." (DE #8, p. 6 & DE #18, p. 5.) Plaintiff argues that the allegations show that those restrictions substantially limited the major life activities of "lifting, manual tasks, and working." (DE #18, p. 5.) According to Plaintiff, the cases cited by Defendants as noted above are distinguishable from the case at hand.

Giving Plaintiff the benefit of all reasonable inferences to which he is entitled at this stage, the Court finds that the first amended complaint adequately alleges a disability pursuant to the ADA. Specifically, Plaintiff alleges that, due to his hernia and resultant surgery, he was placed on work related restrictions that included lifting. Both working and lifting qualify as major life activities. 42 U.S.C. § 12102(2)(A). So long as an individual is limited "as compared to most people in the general population," nothing in the ADA as it currently

stands mandates that the alleged impairment prevent or significantly restrict those major life activities in order to be deemed substantially limiting. 29 C.F.R. § 1630.2(j)(1)(ii). Plaintiff's allegation that he was limited in his lifting capabilities meets this broad definition that is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). The Seventh Circuit has made it clear that a person with an impairment that substantially limits a major life activity can be disabled even when the impairment is "transitory and minor." *Gogos*, 737 F.3d at 1172. Similarly, impairments that are "episodic or in remission" are disabilities if they would be substantially limiting when active. *Id*. at 1172-73.

While Defendants argue that *Brodzik* precludes Plaintiff from proceeding on his ADA claim, the Court finds that *Brodzik* is distinguishable from the present case. The plaintiff in *Brodzik* had hernia surgery and returned to work after a six-week recovery leave. *Brodzik*, 48 F.Supp.3d at 1185. In reaching its holding that the plaintiff's hernia was not a covered disability, the court specifically noted that the plaintiff had "not allege[d] that he had any physical or mental restrictions as a result of the surgery." *Id.;* see also *Butler*, 2012 WL 5315034, at *3 (finding that the plaintiff's hernia was not a substantially limiting impairment because he had not alleged that the hernia was anything more than a one-time occurrence). Here, by

11

contrast, Plaintiff clearly alleges that his lifting capabilities were restricted following his return to work.  In their reply brief, Defendants assert that Plaintiff's alleged restrictions "if any, were temporary restrictions."  (DE #19, p. 2.)  However, Plaintiff's complaint does not assign a time frame to those restrictions, and, as Plaintiff points out, he was terminated at the very time the restrictions were allegedly substantially limiting his major life activities of working and lifting.  It could well be that the evidence will show Plaintiff's impairment was a short term, one-time occurrence; but, at this stage, the Court must give Plaintiff the benefit of all reasonable inferences to which he is entitled.  See *Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 881 (N.D. Ill. 2014) ("Based on this Court's reading of the ADAAA and viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff's hernia constituted a disability that substantially limited the major life activity of lifting."); see also *Heatherly v. Portillo's Hot Dogs, Inc.*, 958 F.Supp.2d 913, 920-21 (N.D. Ill. 2013) (plaintiff, who by doctor's orders had to refrain from heavy lifting while pregnant, had "presented sufficient evidence to create a triable issue of fact as to

whether her high risk pregnancy rendered her disabled under the ADAAA").[2] Defendants' motion to dismiss Plaintiff's ADA claim

*Rule 12(f) Motion to Strike*

Federal Rule of Civil Procedure Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A court has significant discretion in ruling on a motion to strike, and the matters at issue may be addressed on its own or pursuant to a motion filed by a party. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992)). However, Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of part of the complaint. *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F. Supp. 497, 504 (C.D. Ill. 1982); see also *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of

---

[2] In their reply brief, Defendants argue for the first time that Plaintiff's first amended complaint "contains no allegations suggesting his alleged short term impairment had any causal relation to his termination, which apparently occurred after an issue arose with customer service." (DE #19, p. 2.) Such argument will not be considered by the Court because it is undeveloped, inadequate, and was filed too late. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (citing *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived.")).

law.") As motions to strike are looked upon with disfavor, "a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990). In moving to strike matters as irrelevant, a defendant must clearly show that the matter is outside the issues in the case and is prejudicial. *Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

Here, Defendants ask this Court to strike portions of Plaintiff's first amended complaint pursuant to Rule 12(f) because it violates Federal Rule of Procedure 8 by "lumping all Defendants together" which leads to a pleading in which "clarity is somewhat lacking." (DE #17, p. 6-7.) Specifically, Defendants request that: (1) "to the extant (sic) that [Plaintiff] seeks redress from individuals [Roedeske] and Wade under Title VII or the ADA, his claim should be dismissed and/or stricken;" (2) Plaintiff's Section 1981 claims against Roedeske and Wade be dismissed because Plaintiff "has pleaded no specific facts against Roedeske and Wade to show intentional racial dissemination (sic) committed by the two individuals;" and (3) any claims for punitive damages and emotional distress under the FMLA be stricken. (*Id.* at 7-9.) Plaintiff responds by conceding

that he is not alleging ADA and/or Title VII claims against Roedeske and Wade individually, by arguing that he has sufficiently pled Section 1981 claims against both Roedeske and Wade, and by stating that, while he agrees that punitive damages are not available under the FMLA, they are available under other statutes referenced in the first amended complaint. Plaintiff takes the position that a Rule 12(f) motion to strike is inappropriate in these circumstances.

The Court declines to strike the matters outlined above. In making its argument that Rule 12(f) should be employed because Plaintiff's first amended complaint allegedly lacks clarity, Defendants cite to Federal Rule of Civil Procedure 8 and cases such as *Crumpacker v. Civiletti*, 90 F.R.D. 326, 329 (N.D. Ind. 1981) and *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). The Court finds that reliance misplaced. In *Crumpacker*, the plaintiff sued sixty-four different defendants on twelve separate legal claims in a complaint spanning fifty-three legal sized pages. *Crumpacker*, 90 F.R.D. at 328-29. The court dismissed the plaintiff's complaint because it failed to comport with Federal Rule of Civil Procedure 8's "simple, concise, and direct" mandate, among other deficiencies. *Id*. at 329-37; Fed.R.Civ.P. 8(d). Similarly in *Vicom*, the Seventh Circuit stated that it was dismayed by the plaintiff's "119-page, 385-paragraph less-than-coherent amended

15

complaint" and noted that it constituted an "egregious violation of Rule 8(a)." *Vicom*, 20 F.3d at 775-76. In the instant case, however, Plaintiff's first amended complaint is straightforward and to the point. He sues his employer and two individual management representatives for discrimination and retaliation on the basis of race and/or disability in violation of Title VII, Section 1981, the ADA, and the FMLA. Viewing those statutes along with the facts alleged in the first amended complaint and attached Charge of Discrimination, it is not difficult to discern which theories of recovery apply to the specific defendants, despite Plaintiff's "lumping" of them together, once relevant case law is considered. See *Vicom*, 20 F.3d at 775 (the "primary purpose" of Rule 8 is "rooted in fair notice"). For example, as is conceded by Plaintiff in his response brief, it is clear that the Title VII and ADA claims are not applicable to Roedeske and Wade individually. See, e.g., *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (neither the ADA nor Title VII impose individual liability on an employer's agents because a "supervisor does not, in his individual capacity, fall within [the] definition of employer"). On the other hand, individual liability may attach to Section 1981 claims in certain circumstances. See, e.g., *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012) ("One key difference between § 1981 and Title VII is that the latter authorizes suit only against the employer as an

16

entity rather than against individual people who are agents of the employer.  Under § 1981, individuals may be liable."), overruled on other grounds by *Ortiz v. Werner Enterprises, Inc.*, No. 15-2574, 2016 WL 4411434 (7th Cir. Aug. 19, 2016).  As to damages, it is clear (and Plaintiff concedes as much) that punitive damages, nominal damages, and damages for emotional distress are not available under the FMLA.  See, e.g., *Sons v. Henry Cnty.*, No. 105CV00516DFHTAB, 2007 WL 968726, at *2 (S.D. Ind. Mar. 13, 2007) (describing the specific set of remedies provided by the FMLA as including wages, salary, benefits, lost compensation, monetary losses suffered, and equitable relief but noting that "[o]ther kinds of damages, including punitive damages, nominal damages, or damages for emotional distress, are not recoverable.")

More importantly, however, Rule 12(f) is not the proper vehicle to attack the sufficiency of Plaintiff's claims, which is essentially what Defendants are attempting to do.  See *Driveaway and Truckaway Serv., Inc. v. Aaron Driveaway & Truckaway Co., Inc.*, 781 F. Supp. 548, 549-50 (N.D. Ill. 1991) ("Plaintiffs' prayer for punitive damages is neither a defense, redundant, immaterial, impertinent, nor scandalous. Accordingly, Rule 12(f) is inapplicable."); *Peterson v. Baloun*, 715 F. Supp. 212, 213-14 (N.D. Ill. 1989) (noting that the defendants' motion "exceed[ed] the proper scope of a motion to strike" because it sought to

attack the merits of the claims and the sufficiency of the complaint); see also *Whittlestone, Inc.*, 618 F.3d at 974 ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."). Because Defendants have specifically chosen to proceed pursuant to Rule 12(f) for this portion of their motion, the Court will not substitute a Rule 12(b)(6) analysis in its place *sua sponte*, and the motion to strike is denied in its entirety. That said, the Court notes that none of this is meant to imply that Plaintiff will ultimately prevail on the merits or that his first amended complaint presents recoverable claims on every possible theory presented.

CONCLUSION

For the aforementioned reasons, Defendants' Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike (DE #16) is **DENIED**.

**DATED: September 22, 2016**   **/s/ RUDY LOZANO, Judge**
                                **United States District Court**